**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PRERACIO WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-CV-1300-MAB |
| | ) | |
| KIMBERLY BILLINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff Preracio Williams' motion for default judgment (Doc. 29), motion for leave to file instanter under seal (Doc. 27), and motion for leave to file instanter notice of supplemental authority (Doc. 31). Plaintiff argues he is entitled to default judgment against Defendant Kimberly Billington, as Billington has been properly served and has not answered the Complaint. Plaintiff asks the Court to award him $1,500,000 in damages, as well as reasonable attorney and court fees. For the reasons discussed below, the Court **GRANTS in part** the motion for default judgment (Doc. 29); **GRANTS** Plaintiff's motion for leave to file instanter under seal (Doc. 27); and **DENIES as MOOT** Plaintiff's motion for leave to file instanter notice of supplemental authority (Doc. 31).

I.   *Motion for Default Judgment (Doc. 29)*

Defendant Billington was served on January 10, 2023, and a responsive pleading was due on February 21, 2023 (Doc. 20). However, Billington did not file an answer to the

Complaint (Doc. 1) or a responsive pleading by the deadline.[1] On April 18, 2023, the Court directed the Clerk of Court to enter default against Billington pursuant to Federal Rule of Civil Procedure 55(a) (Doc. 23). The Clerk's entry of default was entered the next day (Doc. 24). Both the Court's Order (Doc. 23) and the Clerk's Entry of Default (Doc. 24) were sent to Billington by certified mail. A return of service form indicates that Billington received those documents on April 24, 2023 (Doc. 25). Thereafter, Plaintiff filed the instant motion for default judgment and supporting memorandum pursuant to Federal Rule of Civil Procedure 55(b) (Docs. 29, 30). As then required by Local Rule 55.1, the motion for default judgment also states that a copy of the motion was mailed to Billington's last known address (*see* Doc. 29 at p. 3; Doc. 30 at p. 28).

As of today's date, Billington has failed to plead or otherwise defend this action. Although a trial on the merits is favored and default judgment is to be a "weapon of last resort," the Seventh Circuit has held that default judgment is "appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Here, the record demonstrates that Billington was served on January 10, 2023 (Doc. 20). Moreover, Billington affirmatively filed a consent form, indicating her consent to magistrate judge jurisdiction (Doc. 19) and signed a return of service form indicating she received the Court's mail that contained the Court's Order

---

[1] Notably, however, Billington filed a signed consent form indicating her consent to magistrate judge jurisdiction (Doc. 19). With the consent of both parties secure, this case was assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment (*see* Docs. 6, 19, 21).

and Clerk's Entry of Default (Doc. 25). Consequently, the Court finds Billington has willfully disregarded this pending litigation.

Additionally, the Court enjoys subject matter jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 – federal question jurisdiction. Supplemental jurisdiction is appropriate for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within the Southern District of Illinois. The Court finds that a proper Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) has been entered in this manner. Furthermore, Plaintiff has complied with former Local Rule 55.1(b) by sending a copy of his Rule 55(b) motion for default judgment to Billington. Therefore, the Court **GRANTS in part** the motion for default judgment (Doc. 29) and finds that default judgment should be entered against Defendant Billington.

Having determined that a default judgment should enter, the Court must determine the appropriate relief to award, which is best accomplished by setting a hearing to determine damages. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (upon default, damages must be proven by the plaintiff unless they are liquidated or capable of calculation). At the hearing, Plaintiff may present any evidence or testimony related to damages he is owed for his injuries in this action. Plaintiff is reminded that pursuant to Rule 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Default judgment will be entered against Defendant Billington after damages have been determined.

II.    _Motion for Leave to File Instanter Under Seal (Doc. 27)_

Plaintiff also seeks leave to file under seal an unredacted version of his memorandum in support (Doc. 28; _see also_ Doc. 30) and two supporting exhibits (Docs. 28-1, 28-2; _see also_ Docs. 30-2, 30-3).[2] Plaintiff argues he should be permitted to file these documents under seal because they contain sensitive medical information. The Court will grant the motion at this time. However, the Court suspects that most, if not all, of the exhibits will need to be filed on the public docket at some point as this information will likely be critical to assessing Plaintiff's claim for damages.

There is a general presumption that documents affecting the disposition of federal litigation are open to public view. _Goesel v. Boley Int'l (H.K.) Ltd._, 738 F.3d 831, 833 (7th Cir. 2013); _see also In re Specht_, 622 F.3d 697, 701 (7th Cir. 2010). However, "[t]he presumption can be rebutted." _Goesel_, 738 F.3d at 833; s_ee also Monroe v. Baldwin_, No. 18-CV-156-NJR-MAB, 2019 WL 2409572, at *1 (S.D. Ill. June 7, 2019) ("Because the public has no real interest in the sensitive information contained in these documents, and the documents raise compelling privacy concerns, the Motion to Seal is granted as to Exhibits 1-3."). For instance, "[a] litigant is allowed, for example, to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." _Goesel_, 738 F.3d at 833.

The Court has granted the motion to seal for now because it is possible that _some_ of the 240 plus page medical records and documents are not necessary to assessing

---

[2] The memorandum in support and Exhibit 2 were filed publicly with redactions (Docs. 30, 30-2), while unredacted versions were filed under seal (Docs. 28, 28-1). Meanwhile, Exhibit 3, which contains Plaintiff's medical records, was solely filed under seal (_compare_ Doc. 28-2, _with_ Doc. 30-3).

Plaintiff's damages claim. Moreover, because damages will be determined later, the Court has not relied upon Plaintiff's medical records at any point to date. *See, e.g., DuraSystems Barriers Inc. v. Van-Packer Co.*, No. 119CV01388SLDJEH, 2021 WL 4037826, at *30 (C.D. Ill. Sept. 3, 2021) (allowing documents filed under seal to remain sealed because no portion of the sealed documents were relied upon by the Court); *Forest River, Inc. v. inTech Trailers, Inc.*, No. 3:21-CV-645 DRL, 2023 WL 6958847, at *15 (N.D. Ind. Oct. 20, 2023) (granting motion to seal a specific document that the court did not rely upon in its ruling).

However, even though Plaintiff's medical information may be sensitive, "it is nevertheless in issue and central to this case." *Finnegan v. Baldwin*, No. 3:20-CV-00218-GCS, 2021 WL 365782, at *3 (S.D. Ill. Feb. 3, 2021) (denying motion to seal medical records). Here, assessing Plaintiff's damages is the main issue remaining before the Court. A review of Plaintiff's medical information and records will likely be essential to resolving the issue of damages. Therefore, the Court expects that many, if not all, of the exhibits currently under seal will be introduced or utilized in some fashion at the hearing on damages. And ultimately, the medical information that is necessary for the Court to obtain a full assessment of Plaintiff's damages claim will not be shielded from the public domain. *See In re Specht*, 622 F.3d at 701 ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."). Furthermore, Plaintiff has not pointed to any statute, rule, or privilege that would justify the ultimate confidentiality of these records. *Id.* While Plaintiff has cited to some cases that have sealed

medical records (*see* Doc. 27 at pp. 1-2), those cases involved a different procedural posture and a different need for the medical records at issue. *See, e.g.*, *Monroe v. Baldwin*, No. 18-CV-156-NJR-MAB, 2019 WL 2409572, at *1 (S.D. Ill. June 7, 2019).

For these reasons, the Court will GRANT Plaintiff's motion to seal the records at this time (Doc. 27), but fully expects to revisit this issue at the damages hearing to ensure that documents affecting the ultimate disposition of this case are on the public docket. *See City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) ("In short, litigants who enjoy publicly subsidized dispute resolution should expect public oversight.").

III.     *Motion for Leave to File Instanter Notice of Supplemental Authority (Doc. 31)*

Plaintiff has also filed a motion for leave to file instanter notice of supplemental authority (Doc. 31). This motion requests the Court take notice of a recent case that occurred in the Central District of Illinois. *See Doe v. Macleod*, No. 18-CV-3191-SEM-KLM (C.D. Ill. Sept. 25, 2023).

While Plaintiff's motion does not directly state such, the Court assumes Plaintiff is requesting the Court take note of this case because it provides an example of damages found by a jury in a case involving allegations of a prison staff member sexually abusing an inmate. *See id.* at Doc. 223. However, in light of the Court's decision to grant Plaintiff's motion for default judgment and set a hearing to determine damages, the Court finds it unnecessary to take notice of this supplemental authority at this time. Accordingly, Plaintiff's motion is **DENIED as MOOT** (Doc. 31).

## CONCLUSION

For the reasons stated above, the Court **GRANTS in part** Plaintiff's motion for default judgment (Doc. 29). A hearing will be set to address the question of damages by separate order. Additionally, Plaintiff's motion for leave to file instanter under seal is **GRANTED at this time** (Doc. 27). Documents 28, 28-1 and 28-2 will remain sealed for now, but this issue will be revisited at the hearing on damages.

Plaintiff's motion for leave to file instanter notice of supplemental authority is **DENIED as MOOT** (Doc. 31). The Clerk of Court is **DIRECTED** to send a copy of this Order and of the order setting the damages hearing to Defendant Billington at her last known address.

**IT IS SO ORDERED.**

**DATED:  February 8, 2024**

s/  Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**